[No. 19545.   Department One.   December 1, 1925.]

INDEPENDENT COMMERCIAL PRINTERS, INCORPORATED, *Respondent*, v. N. P. ATKINSON, *Appellant*.[1]

PRINCIPAL AND AGENT (21)—MUTUAL RIGHTS—ACTION FOR WRONGFUL ACTS—EVIDENCE—SUFFICIENCY. An agent who was a wrongdoer in misappropriating and taking or permitting others to take property of his principal which it was his duty to care for, cannot complain of the largest amount circumstantially found to have been misappropriated in material and stock, at the highest valuations possible under the evidence.

Appeal from a judgment of the superior court for King county, Alston, J., entered April 24, 1925, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Preston, Thorgrimson & Turner,* for appellant.

*Tucker, Hyland & Elvidge,* and *Mary H. Alvord,* for respondent.

HOLCOMB, J.—This action was brought by respondent against appellant to recover a balance alleged to be due from appellant upon a contract, in the form of a proposal by letter and acceptance by appellant. The letter was dated February 27, 1924, addressed to appellant, and the contents of it are as follows:

"With reference to your connection with the Independent Commercial Printers, Inc., of which company I own the majority of the capital stock, and in which company you own 100 shares of the capital stock of the par value of $10,000, I have this to say:

"In consideration of your resigning as Manager of said company, I will buy your stock at fifty cents (50c) on the dollar and pay you the sum of $5,000, payable $150 per month commencing on the 1st day of March, 1924, and $150 on the first day of each and every month thereafter until the whole of said sum has been paid,

[1]Reported in 241 Pac. 7.

without interest, you to reimburse the Independent Commercial Printers, Inc., for all stock, goods, wares and merchandise removed from the plant of the Independent Commercial Printers, Inc., to your plant known as the Mercantile Printing Company, or to any other place, which has not been paid for, also to reimburse the Independent Commercial Printers, Inc., for all sums of money that has not been accounted for by you.

"With reference to the work done at the plant of the Independent Commercial Printers, Inc., on account of contracts made by you through the Mercantile Printing Company and which has been paid through the Mercantile Printing Company, you are to pay the Independent Commercial Printers, Inc., the full contract price of the said work less ten per cent (10%).

"When these things have been fully complied with, then you will be released from all claims and demands of every kind, nature and description, and from all actions or causes of action whatsoever, and not otherwise.

"You have and are hereby granted twenty-four hours time within which to consider this proposition and in no event will this be binding unless accepted by you in writing.                    A. C. DeNisson."

After a lengthy trial and the taking of voluminous evidence, the trial court made findings and conclusions in favor of respondent, and rendered judgment against appellant in the sum of $2,782.87. Of this amount, a recovery of $1,861.35 was allowed for paper stock, upon the claim made in a certain exhibit. The item of $1,861.35 is the only part of the judgment as to which relief is sought on appeal.

The history of the case shows that appellant was employed by respondent on a salary for some time previous to February 5, 1921. On that date, a contract was entered into by which appellant was employed as manager of respondent's printing plant, the contract providing for the purchase of $10,000 of the $50,000 capital stock of the corporation, at par. Appellant paid in full

the ten thousand dollars agreed upon for the stock, and continued as manager until its termination by the letter hereinbefore set forth. For some time during his management, the company paid dividends at the rate of twenty per cent per annum, during which time depreciation upon the plant in a substantial sum was regularly charged off annually. About November 1, 1923, appellant bought another printing plant known as the Mercantile Printing Company. There is a conflict in the evidence as to whether this purchase was made with the knowledge and consent of Mr. DeNisson of the respondent company or not. The trial judge resolved all conflicts, where the evidence was conflicting, by his positive statement at the close of the evidence in favor of DeNisson. After the purchase of this other plant, one Konnold was employed as business manager by appellant, and there was considerable business between the two plants for which bills were made from time to time, the bills from the respondent company to the Commercial Printing Company being made out by one Dahl, who, during the management of appellant of the respondent company, was a bookkeeper of that company.

The trial judge, in deciding the case, based his finding of $1,861.35 for paper stock upon the difference between the amount of paper stock which should have been on hand on March 7, 1924, as shown by the ledger of respondent, and the physical inventory of the stock taken by Dahl, the bookkeeper, and one Morgan at about that date. There are some inconsistencies between the physical inventory of the paper stock and the items upon which the trial judge based his findings. Appellant claims that this item should have been no more than the sum of $169.36, and that the court's judgment is $1,692.99 too large. All the assignments of

error relate to this one point, and are all discussed together.

We are unable to concur with the arguments of appellant. The evidence shows that the paper and other items of stock, belonging to the plant of respondent, were surreptitiously taken from the plant of respondent without in any way accounting therefor. The trial judge announced that appellant was contradicted on every material point by practically every witness who testified, and that as a witness he was a very poor witness; that he had taken from his employer's plant, or permitted others to take therefrom, material which he had no right to take and of which he kept no track; that he knew material was being taken, and that, if anybody should have known who took the material, the quantities, and how much it was worth, the person whose duty it was to know was appellant. The trial court did, however, make several deductions and allowances from the amounts shown by respondent's inventories, such as for type metal and other items, and finally arrived at the amount hereinbefore stated.

The abstract of appellant and the supplemental abstract of respondent have been carefully examined, and we are unable to disagree with the trial judge. The other items which were reduced or disallowed by the trial judge might have been wholly or partly allowed and a larger judgment entered against appellant.

Since appellant was a wrong-doer, he is not in position to complain if the highest amount circumstantially found to have been misappropriated in material and stock at the highest valuations possible under the evidence had been allowed.

The judgment is affirmed.

TOLMAN, C. J., ASKREN, FULLERTON, and MAIN, JJ., concur.